Jeremy T. Bergstrom, Esq.
Nevada Bar No. 6904
MILES, BAUER, BERGSTROM & WINTERS, LLP
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV  89052
(702) 369-5960 / FAX (702) 369-4955
E-mail: jbergstrom@mileslegal.com
File No. 09-94961

E-filed on November 17, 2009

Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS SERVICING, LP

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

ANTONIO ALFARO AND MARCELINA ALFARO,

Debtors.

Case No.: BK-S-09-25651-LBR
Chapter 13

**OPPOSITION TO MOTION TO VALUE DEBTOR'S NON-PRINCIPAL RESIDENCE REAL PROPERTY, TO MODIFY THE RIGHTS OF PARTIALLY SECURED AND WHOLLY UNSECURED LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY**

Date:   November 19, 2009
Time:   2:30 P.M.

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, (hereinafter "BAC"), a Secured Creditor in the above-entitled Bankruptcy proceeding, hereby submits its Opposition to the Motion to Value Debtor's non-principal residence real property, to modify the rights of partially secured and wholly unsecured lien holders and objection to lien holders proof(s) of claim, if any filed by the Debtors.

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. FACTS

On August 25, 2009, the Debtors filed their petition under Chapter 13 of the Bankruptcy Code. The Debtors own the home located at 3608 Diamond Head Drive, Las Vegas Nevada 89110 (the "Property").

The Property is security for a First Deed of Trust in favor of BAC in the amount of $205,000.00, loan number 146702566 (the "First DOT"). The Property is security for a Second Deed of Trust in favor of GMAC Mortgage LLC, in the amount of $46,242,00 loan number 7440457695 (the "Second DOT"). Attached to the Debtors' Motion (the "Motion") is a home value estimate which provides a range of value from $102,700 to $69,000.00. The Motion is seeking an order from this Court determining that the subject property be valued at $69,000.00; the first mortgage of BAC as secured only to the extent of the actual value of the property; reclassify the non secured portion of BAC's mortgage as a general unsecured claim and to conform to any proof of claim filed by BAC to the secured/unsecured status of said claims as determined by this court. The balance of Secured Creditors lien is approximately $211,588.57. Therefore, Secured Creditor believes the fair market value should be deemed to be the highest value of $102,700.00

## II. ANALYSIS

**A.     A MODIFIED SECURED DEBT CANNOT BE PAID OVER A PERIOD OF TIME LONGER THAN THE CHAPTER 13 PLAN TERM.**

A Chapter 13 debtor may <u>not</u> invoke both a modification of a secured creditor's claim, and the right to cure and maintain the secured claim over the life of the original loan, simultaneously. In <u>In re Ikechukwu MacDonald Enewally</u>, 368 F.3d 1165, Bankr. L. Rep. P 80,106, debtors filed adversary claim against mortgage creditor, seeking judgment valuing non-

2

residential mortgaged property at an amount less than the outstanding loan amount, bifurcating the real estate lien into secured and unsecured claims, extending term of repayment beyond life of plan, and disposing of the unsecured lien through the confirmed Chapter 13 plan. The court held that if a Chapter 13 debtor proposes to reduce the monthly payments to a secured creditor, the loan must be paid in full over the life of the plan, which may not exceed five years. Moreover, Chapter 13 debtors could not both bifurcate mortgage lien on non-residential real estate into separate secured and unsecured claims, disposing of the unsecured claim through the plan, and repay the secured claim over a period of longer than the plan term; under the Bankruptcy Code, when a secured debt was modified, it was required to be paid within the plan term, not to exceed five years.

Should Secured Creditor prevail on the issue of value, Secured Creditor alleges that the Debtors will be unable to pay the full amount during the life of the plan.

**B.     IN AN ALTERNATIVE, THE CREDITORS ARE ENTITLED TO A HEARING ON THE VALUATION OF THE PROPERTY OFFERED BY THE DEBTOR.**

FRBP Rule 3012 states as follows:

> "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

Proper valuation of property securing creditor's claim, for purpose of deciding whether creditor had a fully secured, undersecured or unsecured claim, was replacement value approach, based on what Chapter 13 debtors would have to pay for comparable property. In re Plourde, 402 B.R. 488 Bankr.D.N.H., 2009.

BAC contends that the fair market value of the subject Property may be significantly higher than the values provided by the Debtors as reflected in the attached Zillow valuation. In

3

the event this Court grants the motion to value collateral, BAC requests a hearing and the opportunity to present evidence on the same, i.e. a thorough Appraisal of the Property.

### III.    CONCLUSION

WHEREFORE, Secured Creditor prays as follows:

(1) That Debtors' Motion to Value Debtor's Non-Principal Residence Real Property, to Modify the Rights of Partially Secured and wholly unsecured lien holders and Objection to Lien holders' Proof(s) of Claim be denied; or,

(2) In the Alternative, that the Court schedule a hearing to be held regarding the valuation of the property.

(3) For attorney's fees and costs.

(4) For such other relief as this Court deems proper.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated:    November 17, 2009

By:    /s/ Jeremy T. Bergstrom, Esq.

Jeremy T. Bergstrom, Esq.
Attorney for Secured Creditor

(09-94961/objaznv.dot/fam)

4

# CERTIFICATE OF MAILING

The undersigned hereby certifies that on ___November 17, 2009___, a copy of Secured Creditor's **OPPOSITION TO MOTION TO VALUE DEBTORS' NON-PRINCPAL RESIDENCE REAL PROPERTY, TO MODIFY THE RIGHTS OF PARTIALLY SECURED AND WHOLLY UNSECURED LIENHOLDERS AND OBJECTION TO LIENHOLDERS PROOF(S) OF CLAIM IF ANY** was served by depositing a copy of same in the United States Mail, in a postage prepaid envelope, addressed to:

DEBTORS:
Antonio Alfaro
Marcelina Alfaro
3701 Diamond Head Drive
Las Vegas, NV 89110

ATTORNEY FOR DEBTOR:
Jorge L. Sanchez          ***ALSO BY FAX (702) 386-1794***
Sanchez Law Group
930 South Fourth Street #211
Las Vegas, NV 89101

CHAPTER 13 TRUSTEE:
Kathleen A. Leavitt        ***ALSO BY FAX: (702) 853-0713***
201 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89101

JUNIOR LIENHOLDER
GMAC Mortgage LLC          ***VIA CERTIFIED MAIL***
Attn: Officer or Agent
3451 Hammond Avenue
Waterloo, IA 50702

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

/s/ Felicia McGhee
An Employee of Miles, Bauer, Bergstrom & Winters, LLP

(09-92836/objaznv.dot/slw)